UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK COLLINS, INC.,

        Plaintiff,   Case No. 12-12596

v.

           SENIOR UNITED STATES DISTRICT JUDGE
JOHN DOES 1-21,   ARTHUR J. TARNOW

        Defendants.   MAGISTRATE JUDGE R. STEVEN WHALEN
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD-PARTY SUBPOENAS [2], SEVERING DOE DEFENDANTS 2-21, DISMISSING CLAIMS AGAINST DOE DEFENDANTS 2-21, AND VACATING ORDER TO SHOW CAUSE [3]**

    Before the court is Plaintiff's Motion for Leave to Serve Third-Party Subpoenas [2], filed on June 14, 2012. On June 18, 2012, the Court issued an Order to Show Cause [3] requiring Plaintiff to explain why the 21 Defendants in this case had not been improperly joined, and also requiring Plaintiff to supplement their Motion for Third-Party Subpoenas. Plaintiff filed a Response [6] on June 25, 2012.

**Response to Order to Show Cause [3]**

    Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants. Joinder, and decisions regarding whether to sever parties from a civil action, are "a matter for the discretion of the district court . . . ." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In considering joinder, the district court is given discretion to make such orders as will prevent prejudice to any of the parties or delay in the resolution of the litigation. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). A court may also "consider whether joinder would confuse and complicate the issues for the parties involved." *SBO Pictures. Inc. v. Does 1-3036*

Pursuant to Rule 20(a)(2), multiple defendants may be joined when any right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." "Whether 'a particular factual situation constitutes a single transaction or occurrence' is a case-specific inquiry." *State Farm Fire & Cas. Co. v. Allied & Assocs.*, No. 11-10710, 2012 WL 917814, at *11 (E.D. Mich. March 19, 2012) (Lawson, J.) (quoting *Mosley*, 497 F.2d at 1333). The crux of the court's analysis is to determine whether Plaintiff's claims are "reasonably related claims . . . ." *Mosely*, 497 F.2d at 1333.

As the Court indicated in its Order to Show Cause, there are numerous reasons to doubt that the claims in this case are based on "the same transaction, occurrence, or series of transactions or occurrences." In this case there is no allegation that each of the Defendants acted in concert, uploading or downloading copyrighted material directly to each other. As noted in the Court's earlier Order, "that each of the defendants connected to the investigative server to download a piece of the Work does not show that each of the IP addresses acted in concert with all the other addresses in the swarm." *Id.* Indeed, Plaintiff "does not indicate how long each Doe Defendant was in the swarm" and does not allege that "any of the Doe Defendants were part of the swarm contemporaneously." *K-Beech, Inc. v. John Does 1-41*, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, at *10 (S.D. Tex. March 8, 2012). The nature of a BitTorrent "swarm" is such that the number of users involved "can easily reach numbers in the hundreds of thousands." *Patrick Collins Inc. v. Doe*, 2011 WL 1019034, at *4 (E.D. Mich. March 26, 2012) (Steeh, J.). This, combined with the fact that "its users share files in relatively quick time frame, ranging anywhere from fifteen minutes to a few hours," means that it is seemingly implausible that any of the Doe defendants simultaneously shared

2

pieces of the Work with each other, and thus acted "in concert" sufficient to grant permissive joinder under Rule 20(a). *Id.*

Defendant, relying on the reasoning in *Patrick Collins, Inc. v. John Does 1-21*, No. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012) (Randon, Mag. J.), argues that "in the universe of possible transactions, at some point, each Defendant downloaded a piece of [the Work], which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant . . . ." The Court does not find the fact that each of the Defendants are potentially related "in the universe of possible transactions" to be sufficient to permit joinder. "The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or across the world . . . ." *K-Beech, Inc. v. Does 1-85*, No. 11-cv-00469, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011) (quoting *Hard Drive Prods., Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011)).

Indeed, such a loose standard of joinder would potentially permit the joinder of hundreds of defendants, each with their own specific legal and factual defenses. Particularly given the likelihood of "fact based arguments which are highly individual to each moving party," the Court finds that the standard advocated by Plaintiff does not serve the interests of judicial efficiency and would be prejudicial to the defendants. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *2 (E.D.N.Y. June 12, 2012).

Here, the Defendants, acting over the course of twenty days, through four different Internet Service Providers, in seventeen different cities, are accused of downloading pieces of the Work. Fed. R. Civ. P. 21 permits the court, on motion of a party or on its own initiative, to "at any time, on just

3

terms, add or drop a party" or "sever any claims against a party."  The Court has determined that Plaintiff's claims against the 21 John Doe Defendants are not part of the same "transaction or series of transactions" and that, therefore, joinder is improper.

Accordingly, Defendants John Doe 2-21 are **SEVERED** and Plaintiff's claims against said Defendants are **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing, individually, claims against John Doe Defendant 2-21 in the United States District Court for the Eastern District of Michigan.  The Court's Order to Show Cause [3] is **VACATED**.

**Motion for Leave to Serve Third Party Subpoenas [2]**

Plaintiff moves for leave to serve third-party subpoenas prior to a Rule 26(f) conference. Plaintiff's motion is **GRANTED** to the following extent:

(1) Plaintiff may serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on John Doe #1, IP Address 97.69.173.120, through his or her ISP, Bright House Networks, to obtain the name, address, and Media Access Control address for John Doe #1.  Plaintiff is not permitted to seek or obtain the telephone numbers or email addresses of John Doe #1, or to seek or obtain information about any potential John Doe defendant other than John Doe #1. Plaintiff's counsel is directed to attach a copy of this Order to the subpoena.

(2) Within seven days of service of the subpoena, the ISP shall reasonably attempt to identify John Doe #1 and provide him or her with a copy of the subpoena and this Order. If the ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of the particular IP address, it shall so notify Plaintiff's counsel.

(3) The ISP shall have twenty-one (21) days from the service of the subpoena to move to quash or otherwise object to the subpoena. John Doe #1 shall have fourteen (14) days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

(4) Absent any motion to quash or objection, the ISP shall produce the information sought to the Court, not the Plaintiff, ex parte and under seal.  Said information will be provided to counsel for Plaintiff at a status conference to be scheduled by the Court.

(5) Plaintiff may only use the information disclosed pursuant to the subpoenas for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint

    **SO ORDERED**.

                                     s/Arthur J Tarnow
                                    Arthur J. Tarnow
                                    Senior United States District Judge

Dated: August 28, 2012