```
                    TRANSMISSION VERIFICATION REPORT

                                           TIME   : 08/29/2012 11:44
                                           NAME   : NICOLETTI
                                           FAX    : 2482037801
                                           TEL    : 2482037801
                                           SER.#  : BROA6J428618


DATE,TIME                           08/29 11:40
FAX NO./NAME                        15714343401
DURATION                            00:03:47
PAGE(S)                             09
RESULT                              OK
MODE                                STANDARD
```

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Virginia

| Patrick Collins, Inc. *Plaintiff* v. John Does 1 - 21, *Defendants.* | Civil Action No. 2:12-cv-12596-AJT-RSW  **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN** |
|---|---|

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bright House Networks Online Service
c/o Neustar Legal Compliance
46000 Center Oak Plaza
Sterling, VA 20168
Facsimile: (571) 434-3401

[X] *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name AND address of the defendant John Doe listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 1 | 97.69.173.120 | 5/10/2012 |

EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the Eastern District of Virginia

| Patrick Collins, Inc.<br><br>Plaintiff<br><br>v.<br><br>John Does 1 - 21,<br><br>Defendants. | Civil Action No. 2:12-cv-12596-AJT-RSW<br><br>**UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF MICHIGAN** |
|---|---|

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bright House Networks Online Service
c/o Neustar Legal Compliance
46000 Center Oak Plaza
Sterling, VA 20168
Facsimile: (571) 434-3401

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name AND address of the defendant John Doe listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 1 | 97.69.173.120 | 5/10/2012 23:32 |

| Place:<br>Chambers of the Honorable Arthur J. Tarnow<br>United States District Court<br>for the Eastern District of Michigan<br>Theodore Levin U.S. Courthouse<br>231 W. Lafayette Blvd., Room 124<br>Detroit, MI 48226 | Date and Time:<br>October 17, 2012 @ 9:30 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

|  |  |
|--|--|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/29/12

CLERK OF COURT

_____       OR       _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Paul Nicoletti, Esq., Esq., Law Offices of Nicoletti & Associates, LLC, 36880 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304 - Telephone: (248) 203-7800 , Email: pauljnicoletti@gmail.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK COLLINS, INC.,

        Plaintiff,

v.

JOHN DOES 1-21,

        Defendants.

_____/

Case No. 12-12596

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD-PARTY SUBPOENAS [2], SEVERING DOE DEFENDANTS 2-21, DISMISSING CLAIMS AGAINST DOE DEFENDANTS 2-21, AND VACATING ORDER TO SHOW CAUSE [3]

Before the court is Plaintiff's Motion for Leave to Serve Third-Party Subpoenas [2], filed on June 14, 2012. On June 18, 2012, the Court issued an Order to Show Cause [3] requiring Plaintiff to explain why the 21 Defendants in this case had not been improperly joined, and also requiring Plaintiff to supplement their Motion for Third-Party Subpoenas. Plaintiff filed a Response [6] on June 25, 2012.

### Response to Order to Show Cause [3]

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants. Joinder, and decisions regarding whether to sever parties from a civil action, are "a matter for the discretion of the district court . . . ." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In considering joinder, the district court is given discretion to make such orders as will prevent prejudice to any of the parties or delay in the resolution of the litigation. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). A court may also "consider whether joinder would confuse and complicate the issues for the parties involved." *SBO Pictures. Inc. v. Does 1-3036*

Pursuant to Rule 20(a)(2), multiple defendants may be joined when any right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." "Whether 'a particular factual situation constitutes a single transaction or occurrence' is a case-specific inquiry." *State Farm Fire & Cas. Co. v. Allied & Assocs.*, No. 11-10710, 2012 WL 917814, at *11 (E.D. Mich. March 19, 2012) (Lawson, J.) (quoting *Mosley*, 497 F.2d at 1333). The crux of the court's analysis is to determine whether Plaintiff's claims are "reasonably related claims . . . ." *Mosely*, 497 F.2d at 1333.

As the Court indicated in its Order to Show Cause, there are numerous reasons to doubt that the claims in this case are based on "the same transaction, occurrence, or series of transactions or occurrences." In this case there is no allegation that each of the Defendants acted in concert, uploading or downloading copyrighted material directly to each other. As noted in the Court's earlier Order, "that each of the defendants connected to the investigative server to download a piece of the Work does not show that each of the IP addresses acted in concert with all the other addresses in the swarm." *Id.* Indeed, Plaintiff "does not indicate how long each Doe Defendant was in the swarm" and does not allege that "any of the Doe Defendants were part of the swarm contemporaneously." *K-Beech, Inc. v. John Does 1-41*, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, at *10 (S.D. Tex. March 8, 2012). The nature of a BitTorrent "swarm" is such that the number of users involved "can easily reach numbers in the hundreds of thousands." *Patrick Collins Inc. v. Doe*, 2011 WL 1019034, at *4 (E.D. Mich. March 26, 2012) (Steeh, J.). This, combined with the fact that "its users share files in relatively quick time frame, ranging anywhere from fifteen minutes to a few hours," means that it is seemingly implausible that any of the Doe defendants simultaneously shared

2:12-cv-12596-AJT-RSW Doc # 31 Filed 10/26/12 Pg 8 of 10 Pg ID 119

pieces of the Work with each other, and thus acted "in concert" sufficient to grant permissive joinder under Rule 20(a). *Id.*

Defendant, relying on the reasoning in *Patrick Collins, Inc. v. John Does 1-21*, No. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012) (Randon, Mag. J.), argues that "in the universe of possible transactions, at some point, each Defendant downloaded a piece of [the Work], which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant . . . ." The Court does not find the fact that each of the Defendants are potentially related "in the universe of possible transactions" to be sufficient to permit joinder. "The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or across the world . . . ." *K-Beech, Inc. v. Does 1-85*, No. 11-cv-00469, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011) (quoting *Hard Drive Prods., Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011)).

Indeed, such a loose standard of joinder would potentially permit the joinder of hundreds of defendants, each with their own specific legal and factual defenses. Particularly given the likelihood of "fact based arguments which are highly individual to each moving party," the Court finds that the standard advocated by Plaintiff does not serve the interests of judicial efficiency and would be prejudicial to the defendants. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *2 (E.D.N.Y. June 12, 2012).

Here, the Defendants, acting over the course of twenty days, through four different Internet Service Providers, in seventeen different cities, are accused of downloading pieces of the Work. Fed. R. Civ. P. 21 permits the court, on motion of a party or on its own initiative, to "at any time, on just

terms, add or drop a party" or "sever any claims against a party." The Court has determined that Plaintiff's claims against the 21 John Doe Defendants are not part of the same "transaction or series of transactions" and that, therefore, joinder is improper.

Accordingly, Defendants John Doe 2-21 are **SEVERED** and Plaintiff's claims against said Defendants are **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing, individually, claims against John Doe Defendant 2-21 in the United States District Court for the Eastern District of Michigan. The Court's Order to Show Cause [3] is **VACATED**.

### Motion for Leave to Serve Third Party Subpoenas [2]

Plaintiff moves for leave to serve third-party subpoenas prior to a Rule 26(f) conference. Plaintiff's motion is **GRANTED** to the following extent:

(1) Plaintiff may serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on John Doe #1, IP Address 97.69.173.120, through his or her ISP, Bright House Networks, to obtain the name, address, and Media Access Control address for John Doe #1. Plaintiff is not permitted to seek or obtain the telephone numbers or email addresses of John Doe #1, or to seek or obtain information about any potential John Doe defendant other than John Doe #1. Plaintiff's counsel is directed to attach a copy of this Order to the subpoena.

(2) Within seven days of service of the subpoena, the ISP shall reasonably attempt to identify John Doe #1 and provide him or her with a copy of the subpoena and this Order. If the ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of the particular IP address, it shall so notify Plaintiff's counsel.

(3) The ISP shall have twenty-one (21) days from the service of the subpoena to move to quash or otherwise object to the subpoena. John Doe #1 shall have fourteen (14) days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

(4) Absent any motion to quash or objection, the ISP shall produce the information sought to the Court, not the Plaintiff, ex parte and under seal. Said information will be provided to counsel for Plaintiff at a status conference to be scheduled by the Court.

(5) Plaintiff may only use the information disclosed pursuant to the subpoenas for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint

**SO ORDERED**.

s/Arthur J Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 28, 2012